UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,<br><br>    Plaintiff,<br><br>v.<br><br>RAMADA INN VALLEJO, et al,<br><br>    Defendants. | No. 2:16-cv-2415 KJM DB<br><br><br>ORDER |

On January 5, 2018, plaintiff filed a motion for default judgment and noticed that motion for hearing before the undersigned on February 9, 2018. (ECF No. 49.) Plaintiff's motion does not include proof of service on the defaulted defendants. On February 2, 2018, counsel for plaintiff filed a declaration stating, in relevant part, that on February 2, 2018, counsel "provided courtesy copies" of plaintiff's notice of motion and memorandum in support to the defaulted defendants via U.S. mail. (ECF No. 51 at 1.)

Moreover, plaintiff's motion for default judgment seeks default judgment against fewer than all of the defendants in this action. Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> ... when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

See also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants); Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp.2d 995, 1010 (N.D. Cal. 2001) ("differing judgments against defendant Tsai and the defaulting defendants would not necessarily be illogical").

However, the Supreme Court warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." Frow v. De La Vega, 82 U.S. 552, 554 (1872). The Ninth Circuit has summarized the Frow standard as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Investment, 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow, 82 U.S. at 554); see also Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984) ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits"); Employee Painters' Trust v. Cascade Coatings, No. C12-0101 JLR, 2014 WL 526776, at *3 (W.D. Wash. Feb. 10, 2014) ("it would be an abuse of discretion for this court to grant Plaintiffs' motion for default judgment because Plaintiffs allege the same claims against Mr. Schlatter and the non-defaulted jointly and severally liable co-defendants, Mr. McLaughlin and Cascade Partnership. Supreme Court and Ninth Circuit precedent prohibit default judgment where a default judgment against one defendant could be inconsistent with a judgment on the merits in favor of other defendants"); Helton v. Factor 5, Inc., Case No: C 10-4927 SBA, 2013 WL 5111861, at *6 (N.D. Cal. Sept. 12, 2013) ("In the present case, there is a serious risk of inconsistent judgments. Plaintiffs have alleged that Defendants all are jointly and severally liable for the 11 claims alleged in the First Amended Class Action Complaint.").

Here, the amended complaint alleges that the defendants "are jointly and severally responsible," and each cause of action is asserted against every defendant. (ECF No. 30 at 7.) Plaintiff's motion for default judgment, however, does not address the issues noted above.

////

Accordingly, IT IS HEREBY ORDERED that:

1. The February 9, 2018 hearing of plaintiff's motion for default judgment (ECF No. 49) is continued to **Friday, March 16, 2018,** at **10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

2. On or before February 16, 2018, plaintiff shall serve a copy of this order on the defaulted defendants;

3. Within five days of serving a copy of this order on the defaulted defendants, plaintiff shall file proof of such service; and

4. On or before March 9, 2018, plaintiff shall file a supplemental memorandum addressing how the holding in Frow and Rule 54(b) impact plaintiff's motion for default judgment.

Dated: February 5, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\chapman2415.hrg.cont.ord